## Equitable Trust Co., Guardian, *v.* Buchenhorst, Appellant.

*Will—Legacy—Annual payments in lieu of interest.*

Testatrix gave all of her estate real and personal to her son, charging it with the payment of a legacy of seven thousand dollars to each of her two granddaughters, children of a deceased daughter, to be paid them when they came of age. She directed that for the use of the money of these legatees her son should "not pay interest, but is to pay them yearly in the month of October the sum of one hundred dollars for clothing." She further directed that in case either of the legatees should die before reaching full age the survivor should take the share of her deceased sister. *Held*, that the son was bound to pay to each of the granddaughters the sum of one hundred dollars yearly, and not the sum of one hundred dollars to be divided between them.

Argued March 20, 1893. Appeal, No. 158, Jan. T., 1893, by defendant, Henry C. Buchenhorst, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 841, for plaintiff on case stated. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Case stated.

The case was stated to determine whether defendant should pay to plaintiff, The Equitable Trust Co., guardian of Mary and Elizabeth Kelly, minors, the sum of one hundred dollars per annum, or the sum of two hundred dollars per annum under the will of Mary Buchenhorst, deceased. The material portion of the will is as follows:

"I give, devise, and bequeath all my estate, real, personal, and mixed, to my son Henry C. Buchenhorst, he paying thereout unto Mary Kelly and Elizabeth Kelly, children of my deceased daughter Katy, the sum of $7,000 to each of them when they arrive of age, for which the said Henry C. Buchenhorst is not to pay interest, but is to pay them yearly in the month of October, the sum of $100 for clothing, and in case of the death of either of the children of my daughter Katy before they arrive at age, the other one to get her share, and in case both die in their minority then the $14,000 is to go to my son Henry C. Buchenhorst absolutely."

The opinion of the court below was as follows, by Ar-nold, J.:

" The defendant contends that he is not required to pay $100 to each minor, but only $100 for both of them every year. We think the intention of the testatrix, as deduced from the whole will, is that each minor is to be paid $100 a year. Throughout the whole of this clause of the will, the minors and their legacies are treated separately. Each minor is to be paid $7,000 as she arrives at age. If either dies in her minority the survivor is to get her share. The allowance for clothing is fixed and invariable, yet if the defendant's contention is right, as soon as one attains her majority and receives her share of the principal, the other will receive the entire $100, which would then be paid to only one of them and not for both of them, as the defendant contends. If we must add a word to the will it is more consonant with the intention of the testatrix to add the words ' to each ' than the words ' for both,' because, as before said, the will treats of these minors and their estates separately and not together.

" Some notice must be taken of the fact that for legacies amounting to $14,000, which at legal interest would yield $840 a year, or, at current rates for good investments, $560, the defendant, if his contention is correct, will have to pay only $100 a year for clothing two persons, who have a prospective estate of $14,000, instead of $100 to each, which is not a very extravagant allowance for clothing a person entitled to $7,000 when she arrives at age."

Judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were (1) entry of judgment for plaintiff for $200; (2) not entering judgment for defendant.

*John G. Johnson,* for appellant.—The court below construed this will as they did because they thought the other construction would give the minors an insufficient allowance. That consideration was for the testatrix alone. She used the word " each " as to the principal. There is no ambiguity.

*H. B. Gill, John R. Read* and *Silas W. Pettit* with him, for appellee, cited: Hellerman's Ap., 115 Pa. 120; Doe v. Hicks,

7 T. R. 437; Spalding v. Spalding, Cro. Car. 185; Abbott v. Middleton, 21 Beav. 143; Graham v. Graham, 3 Clark, 212; Dew v. Barnes, 1 Jones, Eq. 149; Lawrence v. Lawrence, 105 Pa. 335.

OPINION BY MR. JUSTICE WILLIAMS, April 10, 1893:

This case depends on a very narrow question. Mary Buchenhorst disposed of her estate by will, in which she devised her estate real and personal to her son Henry, the appellant. She charged her estate with the payment of a legacy of seven thousand dollars to each of her two granddaughters, children of her deceased daughter, Kate, to be paid them when they came of age. Meantime she provided that for the use of the money of these legatees her son should "not pay interest but is to pay them yearly in the month of October the sum of one hundred dollars for clothing." She further directed that, in case either of the legatees should die before reaching full age, the survivor should take the share of her deceased sister. The question now raised is whether the yearly sum of one hundred dollars which the son is directed "to pay to them yearly" until they reach full age, is to be paid to each, or to be divided between them. We agree with the learned judge of the court below that the intention of the testator as gathered from the body of the will was to provide for each of her granddaughters; and the words "to each of" should be read into the clause quoted above between the words "to pay," and "them yearly," so that the clause would read, "to pay to each of them yearly in the month of October the sum of one hundred dollars for clothing." She gave to each of them the sum of seven thousand dollars, to be paid to them when they respectively reached full age, and provided for each of them a yearly allowance of one hundred dollars, in lieu of interest upon their legacies, for the purchase of clothing.

The judgment appealed from was rightly entered and it is now affirmed.